**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Julius Bradford,

Petitioner

v.

Calvin Johnson, et al.,

Respondents

Case No.: 2:21-cv-00161-JAD-VCF

**Order Granting Motion to Dismiss; Dismissing Without Prejudice Petition for a Writ of Habeas Corpus; Denying Certificate of Appealability; and Denying as Moot Motion for Leave to File Supplemental Briefing**

[ECF Nos. 1, 14, 21]

In October 2017, the Nevada Supreme Court reversed Julius Bradford's 2012 first-degree-murder conviction and resulting death sentence, finding that the trial court structurally erred by dismissing veniremembers before first resolving Bradford's *Batson* objections to the State's peremptory challenges.[1] Pending retrial, Bradford remains incarcerated at Nevada's High Desert State Prison. He now petitions for a writ of habeas corpus under 28 U.S.C. § 2241, asking this court to order the Eighth Judicial District Court in Clark County, Nevada to dismiss the pending charge against him in Case No. 09-C-250928.[2] Respondents move to dismiss his claims as unexhausted.[3] Bradford opposes their motion and moves for leave to file a supplemental brief.[4] Because Bradford's claims are unexhausted and his case presents no extraordinary circumstances that would permit this court to intervene in an ongoing state

---

[1] *Bradford v. State*, 404 P.3d 406 (Nev. 2017) (Table); *see Batson v. Kentucky*, 476 U.S. 79 (1986).

[2] ECF No. 1.

[3] ECF No. 14.

[4] ECF No. 19; ECF No. 21.

criminal proceeding, I grant respondents' motion to dismiss, dismiss without prejudice Bradford's petition, and deny as moot his motion for leave.

**Background**

In July 2012, a state-court jury convicted Bradford of first-degree murder with use of a deadly weapon.[5] He was sentenced to death,[6] and his sentence was later amended to include restitution.[7] In 2017, the Nevada Supreme Court reversed his conviction for structural error during jury selection under *Batson v. Kentucky* and remanded his case for retrial.[8] Bradford moved in state court to dismiss his counsel and, after conducting a hearing, the court granted his motion.[9] He also moved for return of the restitution and fees he'd paid before his conviction was reversed and to dismiss the murder charge as untimely.[10] Following another hearing, the state court denied both motions.[11] The court informed Bradford that he will only be entitled to a return of the restitution and fees paid if his case is dismissed in the future or he is acquitted on retrial.[12] The Nevada Supreme Court dismissed Bradford's appeals from the denial of those motions because they were interlocutory decisions over which it lacked appellate jurisdiction.[13]

---

[5] Exh. 14. The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 14, and can be found at ECF No. 15 and ECF No. 16.

[6] ECF No. 20.

[7] Exh. 23.

[8] Exh. 30; *see generally Batson*, 476 U.S. 79.

[9] Exh. 33; Exh. 36.

[10] Exh. 38; Exh. 40.

[11] Exh. 44.

[12] Exh. 42 at 14–15.

[13] Exh. 47; Exh. 48.

Bradford petitioned for a writ of mandamus or prohibition, asking the Nevada Court of Appeals to direct the district court to order the return of the paid restitution and fees.[14] In the alternative, he asked that the appellate court direct the district court to dismiss his pending charge because he'd already been punished by having to pay restitution and fees, so any further punishment would violate the Double Jeopardy Clause of the Fifth Amendment.[15] The court denied the petition, reasoning:

> A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust[,] or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603, 637 P.2d 534, 536 (1981). A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Neither writ will issue if petitioner has a plain, speedy[,] and adequate remedy in the ordinary course of law. NRS 34.170; NRS 34.330. Petitions for extraordinary writs are addressed to the sound discretion of the court. *State ex rel. of Dep't Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983).
>
> Having considered the petition, supporting documents, and notice of errata, we conclude Bradford has a plain, speedy, and adequate remedy in the ordinary course of law. Specifically, he already has a motion pending in the district court that requests the return of the restitution and fees payments. If the district court denies the motion, he can challenge the district court's order on direct appeal. *See* NRS 177.045. And there is nothing preventing him from seeking the dismissal of his pending charge in the district court in the first instance. Accordingly, our intervention by way of extraordinary writ is unwarranted . . . .[16]

[14] ECF No. 51.

[15] *Id.*

[16] Exh. 53 at 2–3.

Bradford then filed a second petition for writ of mandamus or prohibition, asking the Nevada Court of Appeals to direct the district court to dismiss the pending murder charge because it was not filed within the statute of limitations.[17] The appellate court rejected this petition as well:

> Having considered the petition and supporting documents, we conclude Bradford has a plain, speedy, and adequate remedy in the ordinary course of law. Specifically, he can challenge the district court's order denying his "motion to dismiss charge not filed within the statute of limitations" on direct appeal. *See* NRS 177.045. Accordingly, our intervention by way of extraordinary writ is unwarranted . . . .[18]

Finally, Bradford moved in state district court for an order preventing further seizure of money from his prison-trust account for purposes of restitution under his now-reversed conviction.[19] The Nevada Department of Corrections (NDOC) responded to the motion, informing the court that its inmate-banking department had notified them of the issue that Bradford raised in his motion, asserting that "appropriate adjustments" had been made based on the reversal of Bradford's conviction, and affirming that future deposits wouldn't be subject to any restitution or court-fee deductions.[20] NDOC asked the court to deny the motion as moot.[21] It appears from the Eighth Judicial District Court's docket that a decision on that motion has not yet issued.[22]

---

[17] Exh. 52.

[18] Exh. 54 at 3.

[19] Exh. 55.

[20] Exh. 57.

[21] ECF No. 30 at 5.

[22] *See* Case No. 09-C-250952, which can be accessed at the Eighth Judicial District Court website: https://www.clarkcountycourts.us.

## Discussion

### I. Bradford's claims are unexhausted and federal abstention is required.

Awaiting retrial, Bradford now petitions for a federal writ of habeas corpus under 28 U.S.C. § 2241.[23] His petition and proposed supplemental brief raise four grounds for relief.[24] Respondents move to dismiss Bradford's petition and oppose his motion to file that supplement, arguing that this court cannot consider his claims until he has exhausted his state-law-based remedies.[25]

In his first ground for relief, Bradford contends that the State's current prosecution of him violates the Double Jeopardy Clause because he has already been punished by the court in the form of restitution imposed.[26] In his second ground, he alleges that the state district court applied a statute of limitations that wasn't in effect at the time of the crime, violating the Constitution's prohibition against *ex post facto* laws.[27] Bradford's third ground argues that because the robbery and kidnapping charges against him were dismissed before his first trial, the State's current prosecution of him under a felony-murder theory violates the Double Jeopardy Clause.[28] The fourth appears to be duplicative of the third: Bradford contends that the State's felony-murder theory seeks to re-litigate issues that have been previously decided.[29]

---

[23] ECF No. 1.

[24] *Id.* at 6–7; ECF No. 21 at 8–14.

[25] ECF No. 14.

[26] ECF No. 1.

[27] *Id.*

[28] ECF No. 21 at 8–9. Bradford presents his third and fourth claims in his proposed supplemental brief. In that brief, he refers to these claims as his first and second grounds for relief. To avoid confusion with the first and second grounds raised in the petition, I refer to the proposed supplemental claims as his third and fourth grounds.

[29] *Id*. at 10–14.

A claim remains unexhausted until the highest available state court has had the opportunity to consider its merits through direct appeal or state-collateral-review proceedings.[30] A petitioner in state custody, like Bradford, who challenges a pending state-court trial or retrial must still first exhaust state judicial remedies.[31] The exhaustion rule applicable to requests for federal intervention before a trial in pending state-criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement codified in 28 U.S.C. § 2254.[32] A claim cannot be exhausted by procedurally defective means.[33] If a petitioner presents a claim in a procedural context that precludes review of the merits, absent special circumstances, the petitioner hasn't fairly presented the claim to the state courts.[34] A state may mandate a particular procedure to be used to the exclusion of other avenues of seeking relief so long as the right of review is not foreclosed or unduly limited.[35] So presenting an issue to the state's highest court in a procedurally improper manner won't exhaust state remedies.[36] The Nevada Supreme Court regularly declines to consider claims presented for

---

[30] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[31] *See, e.g.*, *Mannes v. Gillespie*, 967 F.2d 1310, 1312, 1316 n.6 (9th Cir. 1992); *see also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03 (1984) (applying exhaustion requirement to a pre-conviction claim).

[32] *See, e.g.*, *Braden v. 30th Jud. Cir. Court of Kentucky*, 410 U.S. 484, 489–92 (1973); *Carden v. State of Mont.*, 626 F.2d 82, 83 (9th Cir. 1980).

[33] *Ex parte Hawk*, 321 U.S. 114 (1944); *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004).

[34] *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

[35] *Roettgen*, 33 F.3d at 38.

[36] *Id*.

the first time on appeal or in a brief other than the opening brief on appeal of the denial of a state habeas petition.[37]

Bradford hasn't properly exhausted his claims. He argues that his case is similar to *Chambers v. Daniel*, in which the Ninth Circuit held that that the Nevada Supreme Court had "considered" the petition for an extraordinary writ because it stated in a footnote that "We have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted."[38] Here, however, the Nevada Court of Appeals declined to address Bradford's claims in the petitions for mandamus because the court concluded that he had an adequate remedy in the ordinary course of law. Bradford's failure to exhaust alone bars this court's consideration of his federal habeas petition.

But even if I assume that Bradford has exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him.[39] The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[40] The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[41] Injuries are only

[37] *See, e.g.*, *Singer v. Chase Manhattan Bank*, 890 P.2d 1305, 1307 (Nev. 1995).

[38] ECF No. 19 at 3 (discussing *Chambers v. Daniel*, 549 F.3d 1191, 1196 (9th Cir. 2008)).

[39] *Cf. e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83–85.

[40] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[41] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case.[42]

I note that a claim that a state prosecution will violate the Fifth Amendment's Double Jeopardy Clause can create an exception to *Younger* abstention.[43] But if, as here, the conviction was reversed for trial error, there is no double-jeopardy bar to retrial.[44] So this case does not present extraordinary circumstances. In his remaining claims, Bradford challenges his murder charge on statute-of-limitations grounds and asserts that the State's felony-murder theory on retrial and his already-paid restitution make his continued prosecution a violation of the Double Jeopardy Clause. But defendants in state-criminal proceedings routinely allege that those proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Bradford's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, if he is convicted in a second trial, he will have the same avenues as any criminal defendant—direct appeal and postconviction petition in state court, as well as potential federal habeas review—wherein he will be able to raise his allegations that his constitutional rights were violated. He thus faces no extraordinary or irreparable injuries, so federal abstention is required.[45] Because the charges against Bradford are still pending, dismissal of this action

---

[42] *Younger*, 401 U.S. at 46.

[43] *Mannes*, 967 F.2d at 1312.

[44] *Id.*

[45] As the State and the state district court have pointed out to Bradford, the state statute in effect at the time of the crime clearly prescribed that no statute of limitations applied to murder. *See* Nev. Rev. Stat. § 171.080; Exh. 2 at 161–62. NDOC also informed the state district court that "appropriate adjustments" were made based on the reversal of the judgment of conviction and that future deposits would not be subject to any restitution or court fee deductions. Exh. 57.

without prejudice will not materially impact the analysis of any issue in a later-filed habeas petition or otherwise result in substantial prejudice. I therefore grant respondents' motion to dismiss and deny as moot the motion to file a supplemental brief.

## II. Certificate of Appealability

This is a final order adverse to Bradford, so Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, I have sua sponte evaluated the claims in his petition for suitability for the issuance of a COA.[46] A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."[47] With respect to claims rejected on their merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[48] For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct.[49] I have reviewed my determinations and rulings in dismissing Bradford's petition, and I find that none of the rulings meets these standards. I therefore decline to issue a COA.

## Conclusion

IT IS THEREFORE ORDERED that Johnson and Lombardo's motion to dismiss **[ECF No. 14] is GRANTED**. Bradford's petition **[ECF No. 1] is DISMISSED without prejudice**. And because reasonable jurists would not find my decision to dismiss the petition on procedural

---

[46] *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864–65 (9th Cir. 2002).

[47] 28 U.S.C. § 2253(c)(2).

[48] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

[49] *Id.*

grounds to be debatable or wrong, **a certificate of appealability is DENIED**. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

IT IS FURTHER ORDERED that Bradford's motion for leave to file a supplemental pleading **[ECF No. 21] is DENIED as moot**.

U.S. District Judge Jennifer A. Dorsey
May 4, 2022